UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON GLENN,

          Plaintiff                  Case No. 2:17-10972
                                           District Judge George Caram Steeh

v.                                       Magistrate Judge Anthony P. Patti

CORIZON MEDICAL, INC
and HARESH B. PANDYA,
M.D.,

          Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FOR PRODUCTION OF DOCUMENTS (DE 25)

### A. Background

Plaintiff Myron Glenn, a state prisoner who is proceeding without the assistance of counsel, filed the instant lawsuit alleging, in relevant part, that Defendants Corizon Health, Inc. ("Corizon") and Dr. Haresh Pandya[1] were deliberately indifferent to a serious medical need by delaying him access to orthopedic boots that accommodate his ankle foot orthopedic brace. (DE 12.)  This case was referred to me for all pretrial purposes.  (DE 7.)

### B. Instant Motion

_____

[1] Plaintiff filed his original complaint against Corizon on March 27, 2017 (DE 1), and added Dr. Pandya as a defendant in his amended complaint, filed on September 1, 2017.  (DE 12.)  To date, Dr. Pandya has not been served.

Pending before the Court is Plaintiff's motion to compel production of documents, and Defendant Corizon's response.  (DEs 25, 31.)  Plaintiff asserts that he served discovery requests on Corizon on January 3, 2018, seeking in relevant part, "[a]ny and all medical documents pertaining to the treatment and/or care of Plaintiff's injury to his left foot … from the period of 1-1-2010 to 3-31-3015."  (DE 25 at 12.)  Corizon responded on January 23, 2018, and objected to producing copies of Plaintiff's Michigan Department of Corrections (MDOC) medical records because it is "not the custodian of such records" and it "does not have the obligation to produce documents that are not in [its] possession, custody or control."  (DE 31-1 at 3.)  Corizon further responded that it has obtained 1,807 pages of medical records from the MDOC, at a cost of $0.25/page, and that it "will produce these records upon receipt of $451.75."  (*Id.*)

On January 24, 2018, Plaintiff responded by letter to counsel for Corizon that he cannot afford the $451.75 cost of the requested documents, but that he is "willing to allow defendants to flag his account for" that amount.  (DE 25 at 18.)  Corizon responded on February 9, 2018 that it intended to file a motion for summary judgment soon and that it would provide Plaintiff with a copy of the medical records referenced in the motion.  (DE 25 at 20.)[2]

---

[2] Corizon subsequently filed its motion for summary judgment, and served a copy on Plaintiff, including 128 pages of Plaintiff's MDOC medical records attached as an exhibit to that motion.  (DEs 27, 27-2, 30.)

On March 5, 2018, Plaintiff filed the instant motion to compel production of his MDOC medical records from January 1, 2010 through December 31, 2015. (DE 25.)  Corizon responded on March 9, 2018, that: (1) Plaintiff is not entitled to free copies of his medical records at Corizon's expense; (2) it produced copies of "the most relevant portions of [Plaintiff's] MDOC medical records" as an exhibit to its motion for summary judgment; (3) Plaintiff can obtain additional portions of his MDOC medical records pursuant to MDOC Policy Directive (PD) 03.04.108; and (4) Corizon only has copies of Plaintiff's MDOC medical records from January 1, 2012 to November 20, 2017, and thus does not have all the records Plaintiff seeks (from January 1, 2010 to December 31, 2011).  (DE 31.)

### C. Discussion

The Court agrees with Corizon that it is not obligated to fund the costs of Plaintiff's discovery.  *See Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003). Despite having been granted *in forma pauperis* status, Plaintiff is not exempt from having to pay all costs incurred in obtaining discovery materials.  *See Smith*, 78 F. App'x at 544 ("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts."); *Pasley v. Caruso*, No. 10-CV-11805, 2010 WL 3907497, at

3

*1 (E.D. Mich. Sept. 29, 2010) ("Consequently, even if Plaintiff had sought to obtain his medical records from Defendant Caruso pursuant to a proper discovery request, he would still be required to pay the cost of copying the records."). Rather, Plaintiff may obtain a copy of his own prison medical records pursuant to making a proper request under the MDOC Policy Directive governing "Prisoner Health Information," PD 03.04.108, ¶¶ T-V (effective Sept. 14, 2015). Specifically, section U of PD 03.04.108 provides:

> A prisoner may receive copies of documents generated by the Department and contained within his/her health record by making a specific, written request to the appropriate health information manager or designee and paying the required per-page fee, as set forth in OP 03.04.108B "Prisoner Access to Medical Records." Legal questions shall be referred to OLA.

PD 03.04.108 ¶ U.

Because Plaintiff may as easily obtain these records, and because Corizon is not obligated to fund Plaintiff's litigation efforts (including "flagging" Plaintiff's prison account until it can be paid, if ever), it is not appropriate to compel Corizon to produce back to Plaintiff his own MDOC medical records. *See Coates v. Jurado*, No. 2:12-cv-15529 2014 WL 545785, at *3 (E.D. Mich. Feb. 11, 2014) ("[I]t is not appropriate to compel defendants to produce back to plaintiff his own [MDOC] medical records.") (collecting cases); *Annabel v. Heyns*, No. 2:12-CV-13590, 2014 WL 1207802, at *2 (E.D. Mich. Mar. 24, 2014) (same).

### D. Conclusion

4

Therefore, for the reasons set forth above, Plaintiff's motion to compel (DE 25) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 7, 2018             s/*Anthony P. Patti*

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on September 7, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti

5