UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON GLENN,

        Plaintiff

v.

CORIZON MEDICAL, INC
and HARESH B. PANDYA,
M.D.,

        Defendants.
_____/

Case No. 2:17-cv-10972
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## ORDER GRANTING PLAINTIFF'S MOTION FOR A RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO BE POSTPONED PENDING DISCOVERY PURSUANT TO RULE 56(d) (DE 33)

### A.    Background

Plaintiff Myron Glenn, a state prisoner who is proceeding without the assistance of counsel, filed the instant lawsuit alleging, in relevant part, that Defendants Corizon Health, Inc. ("Corizon") and Dr. Haresh Pandya[1] were deliberately indifferent to a serious medical need by delaying him access to

---

[1] Plaintiff filed his original complaint against Corizon on March 27, 2017 (DE 1), and added Dr. Pandya as a defendant in his amended complaint, filed on September 1, 2017. (DE 12.) To date, Dr. Pandya has not been served.

orthopedic boots that accommodate his ankle foot orthopedic brace. (DE 12.) This case was referred to me for all pretrial purposes. (DE 7.)

### B. Relevant Procedural History

On March 9, 2018, Defendant Corizon filed a motion for summary judgment. (DE 27.) Corizon included at Exhibit B to its motion the "relevant portions of Plaintiff's MDOC medical records" dated January 4, 2012 through March 3, 2014. (*Id.*) On March 12, 2018, the Court entered an Order requiring Plaintiff to respond to Corizon's motion for summary judgment on or before April 11, 2018. (DE 32.) On March 19, 2018, Plaintiff filed a motion for extension of time to file a response/reply to Corizon's motion for summary judgment. (DE 34.) The Court granted Plaintiff's motion for an extension of time and set May 14, 2018 as the new response deadline. (Text-only order dated Apr. 30, 2018.)

Plaintiff also filed the instant motion for a ruling on Defendant's motion for summary judgment to be postponed pending discovery pursuant to Rule 56(d). (DE 33.) Plaintiff submitted an affidavit in which he asserts that he has been seeking production of his medical records dated January 1, 2010 through December 31, 2015 from Corizon and that "[t]he requested medical records are vital to plaintiff being able to meet the standard for overcoming summary judgment." (*Id.* at 3.) On May 4, 2018, Plaintiff filed a supplemental brief in support of his Rule 56(d) motion, supported by a declaration, again asking the

2

Court to postpone ruling on Corizon's motion for summary judgment to allow Plaintiff additional time "to request discovery [of his medical records for the time pertaining to his Complaint] from the proper custodian of records" through a Rule 45 subpoena to nonparty Michigan Department of Corrections (MDOC). (DE 41.)[2]

On May 18, 2018, Plaintiff filed his response to Corizon's motion for summary judgment. (DE 43.) Plaintiff's response consisted of a 37-page motion/brief, and 147 pages of exhibits, including over 125 pages of medical records, as well as various other documents. (DE 43.) Plaintiff asserted in his response that he "has presented overwhelming evidence to this Court" in support of his claims against Corizon, and he did not contend that he was still awaiting additional documents. (*Id.* at 35.) Corizon filed a reply brief in support of its motion on May 25, 2018. (DE 44.)

C.  **Discussion**

1. **Rule 56(d) Standard**

Pursuant to Federal Rule of Civil Procedure 56(d), "the district court may defer summary judgment, pending discovery, if the non-movant submits affidavits stating that 'the party cannot for reasons stated present by affidavit facts essential

---

[2] Plaintiff explained that he initially served a request for production of his medical records on Corizon, but upon learning that Corizon is not the custodian of those records, he intended to seek those documents through a Rule 45 subpoena on nonparty MDOC.

to justify the party's opposition."' *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995) (quoting Fed. R. Civ. P. 56(d)); *see also Elite Contractors, Inc. v. CitiMortgage*, No. 12-cv-10284, 2012 WL 12884454, at *3 (E.D. Mich. May 7, 2012) ("A party that wishes to engage in fact discovery may defeat summary judgment if the party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.") (internal quotations omitted). It is within the discretion of the district court whether to permit discovery under Rule 56(d). *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425-26 (6th Cir. 2009). In deciding a request under Rule 56(d), courts generally consider factors such as: (1) when the non-moving party learned of the issue that is the subject of the discovery; (2) how long the discovery period lasted; (3) whether the non-moving party was dilatory in his or her discovery efforts; and (4) whether the moving party was responsive to discovery requests. *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995). However, irrespective of the above factors, in cases where the non-moving party has had no opportunity to conduct discovery, "denying the Rule [56(d)][3] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

---

[3] Rule 56 was reworded and reorganized effective December 1, 2010. One of the revisions was moving the provision that was Rule 56(f) into its current location as Rule 56(d).

4

### 2. Plaintiff's Rule 56(d) motion

In his Rule 56(d) motion and supplemental brief, Plaintiff claims that he needs time "to request discovery [of his medical records for the time pertaining to his Complaint] from the proper custodian of records" through a Rule 45 subpoena to nonparty MDOC. (DEs 33, 41.) According to Plaintiff's amended complaint, the relevant time period is late 2011 through early 2014. (DE 12 at ¶¶ 27-57.) It is not clear to the Court whether the instant Rule 56(d) motion is now moot, considering Plaintiff's May 18, 2018 response to Corizon's motion for summary judgment, which included over 140 pages of exhibits. These exhibits included over 125 pages of medical records dated January 2012 through March 2014 (that Corizon had attached as Exhibit B to its motion for summary judgement), as well as other documents, including medical records dated December 4, 2011, March 2, 2013, and January 23, 2015, a summary of medical equipment supplies for Plaintiff for the June 2008 through August 2009 time period, Medical Service Advisory Committee guidelines, an August 4, 2013 email communication from NP Wierman, and grievance documents. (DE 43 at 39-110; DE 43-1 at 1-56.) Plaintiff did not assert in his response that he needed additional documents to support his claims, or that the medical records provided are somehow deficient. Indeed, Plaintiff asserted in his response brief that he "has presented overwhelming evidence to this Court" to support his claims. (DE 43 at 35.)

However, to the extent Plaintiff continues to argue that he needs additional "requested medical records" to respond to Corizon's motion for summary judgment, in an abundance of caution, the Court will allow Plaintiff an additional **forty-five (45) days**, or until **November 5, 2018**, to obtain such records <u>and</u> file a supplemental response brief (not to exceed five (5) pages, not counting exhibits) addressing these additional records, if needed.  As the Court stated in its recent prior orders (DEs 51, 53), Plaintiff may obtain a copy of his own prison medical records, without the necessity of a subpoena, pursuant to making a proper request under the MDOC Policy Directive governing "Prisoner Health Information," PD 03.04.108, ¶¶ T-V (effective Sept. 14, 2015).  Specifically, section U of PD 03.04.108 provides:

> A prisoner may receive copies of documents generated by the Department and contained within his/her health record by making a specific, written request to the appropriate health information manager or designee and paying the required per-page fee, as set forth in OP 03.04.108B "Prisoner Access to Medical Records."  Legal questions shall be referred to OLA.

PD 03.04.108 ¶ U.  The Court would appreciate, however, that if Plaintiff has all the records needed to respond to Corizon's motion for summary judgement, and that he therefore does not need to supplement his response to the summary judgment motion, that he would so inform the Court as soon as possible.

### D.    Conclusion

Therefore, for the reasons set forth above, to the extent still requested pursuant to Fed. R. Civ. P 56(d), Plaintiff is granted an additional **forty-five (45) days, or until November 5, 2018**, to obtain any additional medical records he contends are necessary to respond to Corizon's motion for summary judgment (DE 27), and to file a supplemental response brief with the Court (not to exceed five (5) pages, not counting exhibits) addressing those additional records.  Plaintiff is further directed to inform the Court promptly if he does not intend to file a supplemental response brief or has no need to obtain additional records.

**IT IS SO ORDERED.**

Dated: September 21, 2018                     s/*Anthony P. Patti*
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

### Certificate of service

I hereby certify that a copy of the foregoing document was sent to parties of record on September 21, 2018, electronically and/or by U.S. Mail.

                          s/Michael Williams
                          Case Manager for the
                          Honorable Anthony P. Patti