UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON C. GLENN,

    Plaintiff,

vs.

CORIZON HEALTHCARE, INC.,
DR. HARESH B. PANDYA, M.D.,

    Defendants.
_____/

Case No. 17-10972

HON. GEORGE CARAM STEEH

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [DOC. 67] AND
GRANTING DEFENDANT CORIZON HEALTH, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT [DOC. 27]</u>

Plaintiff Myron C. Glenn, an inmate who wears an orthopedic brace due to a childhood injury, filed his lawsuit against defendants Corizon Health, Inc. ("Corizon") and Dr. Haresh B. Pandya. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs by delaying his access to an orthotic boot that would accommodate his ankle foot brace. Corizon filed a motion for summary judgment which was referred to Magistrate Judge Patti who issued a report and recommendation on January 18, 2019. (Doc. 67). Plaintiff filed objections to the report and recommendation which are presently before the court.

The Michigan Department of Corrections issued plaintiff an ankle foot orthotic brace and orthopedic boots to accommodate the brace in early 1998. The boots became worn out due to normal wear in tear in 2011 or 2012 and plaintiff made repeated requests for a new pair of boots or shoes. Plaintiff alleges he suffered from pain, rashes, infections and sores due to rubbing from ill-fitting or inappropriate footwear. After two years of requests by plaintiff, numerous medical appointments, alternative treatment plans, and the issuance of shoes that did not fit over the brace, plaintiff ultimately received acceptable shoes on February 13, 2014. However, by that time plaintiff suffered complications due to infection and was hospitalized for two months to receive oral antibiotics. Despite treatment, plaintiff has been unable to grow healthy tissue, is prone to tissue infections, and alleges irreparable damage has been done. In addition, plaintiff began experiencing back pain and sciatica as a result of overcompensating for his foot pain by putting more strain on his back.

Magistrate Judge Patti's report and recommendation concludes that plaintiff's claims are not time-barred but that there is "nothing in the record that would permit a reasonable juror to conclude th[at] Corizon has a policy or custom of indifference so 'widespread, permanent and settled as to have the force of law' that led to Plaintiff's claimed injury, and Corizon is entitled

to summary judgment."

Plaintiff filed timely objections to the report and recommendation. Each objection is based on the premise that there is an issue of fact that the individual Corizon personnel making the decisions in his case were policymakers with final decision-making authority. Plaintiff argues that the actions of these individuals amounted to "a pervasive custom or practice" that is "attributable" to Corizon for purposes of establishing liability under § 1983 and *Monell*.

To establish a *Monell* violation based on acts of an agent, plaintiff bears the burden of demonstrating that the agent who made the decision that allegedly violated his rights is an official with final, unreviewable decision-making authority who deliberately chose an unconstitutional course of action from among various alternatives. *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). "Mere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials." *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (citation omitted).

In his objections, plaintiff states that four Corizon personnel were

policymakers with final decision-making authority: (1) Dr. Squier, a Corizon utilization management physician; (2) Dr. Orlebeke, Corizon's former State Medical Director for the MDOC contract; (3) Dr. Bergman, a Corizon Regional Medical Director; and (4) Dr. Papendick, a Corizon utilization management physician. While plaintiff identified these four individuals in his response brief to Corizon's motion for summary judgment, he did not argue that they were policymakers with final decision-making authority. Nor is there any evidence in the record regarding the duties and limitations on authority of these four individuals. In fact, the MDOC-Corizon Appeal Process provides that the MDOC Chief Medical Officer has final authority on all Medical Service Advisory Committee decisions.

Plaintiff's premise does not hold up, so each of his objections to the report and recommendation fails to establish that Corizon is subject to liability under *Monell* for a custom or practice attributable to them. For the reasons set forth above, plaintiff's objections are overruled. The court hereby accepts the magistrate judge's report and recommendation granting defendant's motion for summary judgment. Now, therefore,

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation is ACCEPTED and plaintiff's objections to the report and recommendation are OVERRULED.

IT IS HEREBY FURTHER ORDERED that defendant's motion for summary judgment is GRANTED and defendant Corizon is DISMISSED from the case.

Dated: May 3, 2019

        <u>s/George Caram Steeh</u>
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 3, 2019, by electronic and/or ordinary mail and also on Myron Glenn #188376, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

<u>s/Barbara Radke</u>
Deputy Clerk