UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON C. GLENN,

    Plaintiff,

vs.

Case No. 17-10972

HON. GEORGE CARAM STEEH

CORIZON HEALTHCARE, INC.,
DR. HARESH B. PANDYA, M.D.,

    Defendants.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [DOC. 76] AND
GRANTING DEFENDANT DR. HARESH B. PANDYA,
M.D.'S MOTION FOR SUMMARY JUDGMENT [DOC. 62]

Plaintiff Myron C. Glenn, an inmate who wears an orthopedic brace due to a childhood injury, filed his lawsuit against defendants Corizon Health, Inc. ("Corizon") and Dr. Haresh B. Pandya. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, by delaying his access to an orthotic boot that would accommodate his ankle foot brace. On May 3, 2019, the court accepted Magistrate Judge Patti's report and recommendation, granting Corizon's motion for summary judgment. On November 8, 2018, Dr. Pandya filed a motion for summary judgment, arguing that plaintiff's Eighth Amendment claim against him is barred by the statute of limitations

and that plaintiff failed to exhaust his administrative remedies with respect to this claim. Magistrate Judge Patti issued a report and recommendation on July 8, 2019. ECF No. 76 Plaintiff filed timely objections to the report and recommendation which are presently before the court.

1. Objection One

Plaintiff's first objection is that the magistrate judge is incorrect in his premise that plaintiff knew about Dr. Pandya as early as 2012 when plaintiff has consistently stated that he did not know the names or identities of the defendants who harmed him. The magistrate judge cites to plaintiff's complaint to support his findings:

> Plaintiff made several requests in "late 2011 and mid 2012, to Corizon staff for a new pair of boots," and he was "told by Dr. Killaru, M.D." "in mid 2012" that "his medical detail for orthopedic boots had been discontinued by the RMO [Pandya]." (DE 12, ¶¶ 27- 28.) He further claims that his onsite medical provider (P.A. Wierman) made at least three 407 requests for orthopedic boots between March and December 2013, which were denied by "the RMO (Dr. Pandya) and Corizon higher-ups[.]" (*Id.* ¶¶ 46-47.) Plaintiff contends that he was "again forced to wear worn out boots" and that he "received treatment for abscesses through November 2011, mid 2012, late 2012, mid 2013 and late 2013." (*Id.* ¶¶ 48-49.) He complains that "[s]ince Corizon Inc. and Dr. Pandya discontinued [his] special accommodation for orthopedic boots in 2012, he has continuously been in pain, OFTEN UNABLE TO WALK, AND WITH GREAT DIFFICULTY WHEN HE COULD, and on occasion [he] has been unable to put any shoe, boot, shower shoe, footwear on the affected foot." (*Id.* ¶ 65 (capitalization in original).)

ECF No. 76, PageID 867. Even if plaintiff did not know Dr. Pandya by name, he knew the RMO was responsible for the decisions at issue. This objection is overruled.

2. Objection Two

Plaintiff contends that he did not become aware of the fact that Dr. Pandya was in violation of his rights for over two years after his injury, when he found out that defendant was disregarding his suffering by approving boots that were non-orthopedic instead of orthopedic. Plaintiff maintains that he relied on the medical advice he was given and therefore could not be expected to discover that he was receiving improper treatment until he eventually received proper treatment.

The magistrate judge responded to plaintiff's argument that he was not aware of his claim against defendant until January 2014 by pointing to the allegations in the complaint, his response brief, his affidavit and the medical record. See, ECF No. 76, PageID 875. The cited allegations support the magistrate judge's conclusion that plaintiff concedes he was aware of his injury at or near the time Dr. Pandya allegedly denied him orthopedic boots in 2012. At the very latest, plaintiff knew of his claim when Dr. Pandya retired in July 2013. This objection is overruled.

3.  Objection Three

Plaintiff's third objection is that the magistrate judge relies on misleading documents to support the finding that defendant approved a request for orthopedic boots on December 4, 2011. Plaintiff contends that in fact, defendant only approved M.S.I. footwear at that time. The document relied on by the magistrate judge is an approved request for a high top boot for plaintiff. The document is shown to have been generated by defendant Pandya. ECF No. 65, PageID 675. Contrary to plaintiff's contention, the magistrate judge does not interpret the document to show that defendant approved an orthopedic boot. In the following paragraph, the magistrate judge recognizes that plaintiff claims the "alternative footwear" caused pain and ulcers in the 2011 to 2013 time period. This objection is overruled.

4.  Objection Four

Plaintiff next objects to the magistrate judge's finding that he did not exhaust his administrative remedies as to defendant because his grievance was not specific enough to give defendant notice. The magistrate judge concluded, and the court agrees, that the grievance does not name defendant Pandya, does not refer to the RMO, and does not refer to any actions or inactions attributable specifically to defendant. ECF No. 62-2,

PageID 607, 609. Therefore, the grievance does not give notice to defendant that he is a target of the grievance. This objection is overruled.

5. Objection Five

The magistrate judge concluded that plaintiff failed to timely exhaust his administrative remedies as to his claims against defendant. The magistrate judge based this conclusion on evidence that plaintiff knew about the subject matter of his grievance by mid-2012 when his request for orthopedic boots was denied by the RMO and the fact that he was "continuously in pain" since that time. ECF No. 76, PageID 884. In his objection, plaintiff contends that he properly exhausted his administrative remedies because he was consistently told by medical personnel that he would be accommodated and that the M.S.I. footwear would treat his medical needs. Once he learned that he was never getting orthopedic footwear and that the orthopedic boots were available to him since 2011, he filed his grievance in a timely manner.

Plaintiff's argument is not supported by the grievance itself. The only grievance filed by plaintiff regarding his footwear was filed on January 31, 2014. The grievance was filed against "JCF Health care staff and Corizon", the "date of incident" was listed as January 23, 2014, and plaintiff wrote that he attempted to resolve "matters herein by speaking with health

care personal [sic] on 1/10/14 and 1/23/14." ECF No. 62-2, PageID 607, 609. As found by the magistrate judge, plaintiff did not indicate that he was grieving the actions or inactions taken by the RMO or indicate that he was recently informed that he qualified for orthopedic footwear in 2011. In addition, Dr. Pandya had retired six months prior to the grievance and was not a current member of "JCF Health care staff" or "Corizon". The court finds that the evidence supports the magistrate judge's recommendation. This objection is overruled.

6. Objection Six

Plaintiff's final objection is to the magistrate judge's conclusion that the continuing violations doctrine does not apply to his claim against defendant. Plaintiff argues that defendant denied him proper footwear throughout 2011 to 2013 and his injury continued to worsen as a result. Plaintiff remained unaware that he would not receive proper orthopedic footwear and that the footwear he did receive would cause further harm.

The continuing violations doctrine requires at least one act of deliberate indifference by the defendant during the limitations period. Continuous ill effects of an original decision are not enough for a continuing violation. *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466 (6th Cir. 2010) (citation omitted). In this case, plaintiff did not allege an act of

deliberate indifference by defendant during the limitations period. Furthermore, given defendant's retirement from MDOC service on July 31, 2013, plaintiff could not allege an act by defendant within the limitations period. This objection is overruled.

For the reasons set forth above, plaintiff's objections are overruled. The court hereby accepts the magistrate judge's report and recommendation granting defendant's motion for summary judgment. Now, therefore,

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation is ACCEPTED and plaintiff's objections to the report and recommendation are OVERRULED.

IT IS HEREBY FURTHER ORDERED that defendant's motion for summary judgment is GRANTED and defendant Dr. Pandya is DISMISSED from the case.

The court notes that as a result of this order there are no claims pending against any defendants and plaintiff's case would normally be concluded at this juncture. However, plaintiff filed a second motion to amend his complaint to add four new defendants. ECF No. 81. In order to resolve the pending motion, the case will remain open for this limited purpose and plaintiff's motion to amend will be referred to the magistrate

judge for determination.

So ordered.

Dated: September 20, 2019

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 20, 2019, by electronic and/or ordinary mail and also on Myron Glenn #188376, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

s/Barbara Radke
Deputy Clerk