UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON C. GLENN,

             Plaintiff,

vs.

             Case No.   17-10972

             HON. GEORGE CARAM STEEH

CORIZON HEALTHCARE, INC.,
DR. HARESH B. PANDYA, M.D.,

             Defendants.
_____/

ORDER OVERRULING PLAINTIFF'S
OBJECTIONS AND CLOSING CASE [ECF No. 90]

Plaintiff, Myron Glenn, a state prisoner proceeding *in pro* per, filed the
instant lawsuit against defendants Corizon Medical, Inc. and Dr. Haresh B.
Pandya, alleging deliberate indifference to his serious medical needs in
violation of the Eighth Amendment to the United States Constitution. (ECF
Nos. 1, 12)   Ultimately, the Court granted summary judgment to both
Corizon and Dr. Pandya and dismissed each from the lawsuit.   (ECF Nos.
67, 73, 75-76, 82)   The Court granted summary judgment to Corizon on
the basis that plaintiff failed to establish liability under *Monell v. Dept. of
Soc. Serv. of the City of New York*, 436 U.S. 658 (1978), because nothing
in the record demonstrated that Corizon had "a policy or custom of
indifference so 'widespread, permanent and settled as to have the force of

- 1 -

law' that led to Plaintiff's claimed injury[.]"    (ECF No. 67, PageID.779; see also ECF No. 73, PageID.850)    The Court also concluded that plaintiff had not fully exhausted his claim against Dr. Pandya, and that the claim was time-barred, Dr. Pandya having retired from the MDOC on July 31, 2013. (ECF No. 76, PageID.873, 879-880, 887; ECF No. 82)

Plaintiff filed a motion for leave to file a second amended complaint seeking to add four new defendants and additional allegations of "harmful acts" against the original defendants. (ECF No. 81)    The new defendants were described by plaintiff as utilization managers employed by Corizon and responsible for approving requests from medical providers to assess state prisoners for orthopedic boots.    The Court referred plaintiff's motion to amend to the magistrate judge, who issued an opinion and order denying the motion on April 21, 2020. (ECF No. 86)    The matter is now before the Court on plaintiff's objections to the magistrate judge's order.

Magistrate judges have the statutory authority to rule directly on non-dispositive pretrial motions.    A magistrate judge's ruling on a non-dispositive motion cannot be reversed unless it was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir.1985).

The magistrate judge found that plaintiff's motion for leave to file a

second amended complaint was unjustifiably delayed.   Key to the

magistrate judge's determination was the fact that plaintiff's pleadings

demonstrated that he became aware of the individuals he sought to add, at

the latest, in March 2018, approximately 18 months before he filed his

motion to amend:

> Plaintiff himself referenced and discussed those individuals
> throughout his response to Corizon's motion [for summary
> judgment] (ECF No. 47, PageID.308-309, 321-322, 325-327,
> 338), objections to my report and recommendation (ECF No.
> 70), and motion for reconsideration (ECF No. 74).   Yet, he
> waited 18 months, until September 2019, well after the Court
> had already decided Corizon's motion for summary judgment
> (ECF No. 75), to file the instant motion for leave to add the
> above individuals to his lawsuit.   This delay was not only per
> se "undue," but the virtual certainty of a third round of summary
> judgment motions, in a case that is already over three years
> old, places "an unwarranted burden on the Court." *Comm.
> Money Ctr., Inc.*, 508 F.3d at 347.

(ECF No. 86, PageID.1023)   The magistrate judge also concluded that

granting plaintiff's motion would cause significant prejudice to the

individuals plaintiff sought to add by amendment, as well as to the Court.

Plaintiff raises eight issues in his appeal.   The objections fall into four

categories which the Court will consider together.

First, plaintiff contends that he was diligent in meeting all filing

deadlines and emphasizes that he was not dilatory in failing to seek leave

to amend his complaint earlier in the process.   Plaintiff highlights the

obstacles and frustration he faced as a *pro se* litigant trying to take discovery, respond to motions and orders, and navigate the litigation process.   Plaintiff explains that he was simultaneously litigating a retaliation lawsuit in another district while he was litigating this case.   He also was limited in his access to the law library.   These are what the magistrate judge referred to as "the normal hazards associated with litigation."   [ECF No. 86, PageID.1024]   Furthermore, a review of the docket in this case shows that plaintiff made no fewer than six requests for extensions of time to file various pleadings, each of which was granted by the Court.   [ECF Nos. 34, 37, 64, 68, 78, 88]

Plaintiff blames some of his delay on Dr. Pandya for taking over 18 months to respond to service.   However, this fact has little to no bearing on plaintiff's responsibility to pursue claims he believes he has against other Corizon employees.   He also argues that the magistrate judge was incorrect in concluding that his amputation surgery and its complications over the months following surgery did not impact his ability to seek leave to file his amended complaint earlier.   Plaintiff makes a similar argument regarding the time it took to exhaust his grievances against the four Corizon employees.   The magistrate judge stated that he could find no support for the allegation that plaintiff's numerous hospitalizations and

exhaustion of grievances prevented him from filing his motion to amend earlier than 18 months after learning the identities of the defendants he sought to add.   None of this is to say that plaintiff's allegations of suffering are not credible or that it should have been easy for him to navigate the legal process.   At the same time, neither plaintiff's medical condition and complications, nor the procedural requirements of litigation, justify the length of delay that occurred in this case.

"When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *500 Assoc., Inc. v. Vermont American Corp.*, 496 F. App'x 589, 593 (6th Cir. 2012) (quotation marks and citation omitted).   The Court finds that the magistrate judge's factual findings addressed in these objections are not clearly erroneous nor are his legal conclusions are contrary to law.

Second, plaintiff objects to the magistrate judge's characterization that he waited until final resolution of the case before he filed his motion to amend.   The motion for leave to file a second amended complaint was filed September 10, 2019.   While the Court did not adopt the report and recommendation granting summary judgment in favor of Dr. Pandya until September 20, 2019, the Court granted summary judgment in favor of Corizon three months earlier, on June 4, 2019, with the denial of plaintiff's

motion for reconsideration.   As the magistrate judge aptly observed, "once Plaintiff knew, thought he knew, or should have known who was responsible for his injuries, he needed to seek leave to add them, rather than wait to see how things would pan out with the existing cast of defendants."   [ECF No. 86; PageID.1025]   The Court does not find that the magistrate judge's factual finding is clearly erroneous or that his legal conclusion is contrary to law.

Third, plaintiff objects to the magistrate judge's conclusion that allowing him to amend his complaint will prejudice defendants.   The magistrate judge reasoned that Corizon had already conducted discovery and expended resources to successfully argue its motion for summary judgment.   Allowing plaintiff to add four new Corizon employees as defendants would require Corizon to conduct additional discovery, prepare new defenses on behalf of the four individuals and file additional dispositive motions.   While the four employees were discussed by both parties in the pleadings related to Corizon's motion for summary judgment, they were not parties at that time so Corizon was not defending them against any allegations.   The Court finds that the magistrate judge's assessment of prejudice against Corizon is not clearly erroneous or contrary to law.

Fourth, plaintiff argues that permitting him to amend his complaint will not place an undue burden on the court.   The magistrate judge relied on the procedural posture of the case, where discovery is complete and two motions for summary judgment have already been litigated.   Granting plaintiff leave to add four new defendants would require a third round of dispositive motions in a case that is already over three years old.   The Court finds that the magistrate judge's conclusion that amendment would place "an unwarranted burden on the Court," [ECF No. 86; PageID.1023 (citing *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007))] is not clearly erroneous or contrary to law.

Now, therefore,

IT IS HEREBY ORDERED that plaintiff's objections to the magistrate judge's opinion and order denying his motion for leave to file a second amended complaint are OVERRULED.

IT IS HEREBY FURTHER ORDERED that the above captioned case is CLOSED.

Dated:   July 9, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 9, 2020, by electronic and/or ordinary mail and also on
Myron Glenn #188376, Carson City Correctional Facility,
10274 Boyer Road, Carson City, MI 48811.

s/Brianna Sauve
Deputy Clerk